UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC W. JOHNSON,<br><br>            Plaintiff,<br><br>      v.<br><br>FRAUENHEIM, et al.,<br><br>            Defendants. | Case No. 1:14-cv-01601-LJO-SKO (PC)<br><br>**ORDER MODIFYING SCHEDULING ORDER STAYING ACTION OTHER THAN THAT RELATED TO THE ISSUE OF EXHAUSTION AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 31)** |

**I.    Background**

Plaintiff, Lacedric W. Johnson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 14, 2014.  On December 22, 2015, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies prior to filing suit.  (Doc. 30.)  Concurrently therewith, Defendants file a motion for protective order seeking to stay all discovery in this action other than that related to Plaintiff's exhaustion efforts.  (Doc. 31.)  While Plaintiff's extension of time to file an opposition has not yet lapsed, (*see* Docs. 32, 33), Plaintiff will not be prejudiced by the consideration of Defendants' motion since Plaintiff may engage in discovery on the issue of exhaustion, and full discovery will be re-opened and a new Discovery and Scheduling Order will issue if the exhaustion issue is not dispositive.

**II.   Modification of Scheduling Order**

A party seeking leave of court to amend the schedule of a case must satisfy Federal Rule

1

of Civil Procedure[1] 16(b)'s "good cause" standard. The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party, *id*., and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir.2011). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Defendants have exercised due diligence. The Discovery and Scheduling Order issued on October 7, 2015. (Doc. 19.) On December 22, 2015, Defendants file their motion for summary judgment based on Plaintiff's asserted failure to exhaust administrative remedies prior to filing suit. (Doc. 30.) That same date, Defendants filed their motion for protective order seeking to stay all discovery in this action other than that related to Plaintiff's exhaustion efforts. (Doc. 31.)

### III.     Stay of Proceedings

A district court has the inherent power to stay its proceedings, or any portion thereof. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254 (1936); *see also Gold v. Johns–Manville Sales Corp*., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir.2005).

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

If Defendants' motion for summary judgment on Plaintiff's exhaustion efforts is granted, a large portion of this case will be dismissed. As such, it is reasonable to stay discovery other than that related to Plaintiff's exhaustion efforts pending a ruling on Defendants' motion for summary judgment.

## IV. Order

Accordingly, it is HEREBY ORDERED that Defendants' motion for protective order to modify the Discovery and Scheduling Order to stay all discovery other than as it relates to Plaintiff's exhaustion efforts, filed on December 22, 2015 (Doc. 31), is GRANTED and the Discovery and Scheduling Order is MODIFIED -- all current deadlines are vacated and discovery in this action is stayed other than that related to Plaintiff's exhaustion efforts.

IT IS SO ORDERED.

Dated:   **January 25, 2016**                         **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE

3