# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>FRAUENHEIM, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-01601-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br><br>**(Doc. 43)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Lacedric Johnson, is a state prisoner proceeding *pro se* and *in forma pauperis*, in this civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2016, Plaintiff filed a motion for judicial intervention requesting, among other things,[1] that an order issue directing Defendants to cease and desist "unethical conduct" and admonishing prison officials to "better regulate their legal mail." (Doc. 43.) This is construed as a motion for injunctive relief.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church*

---

[1] Plaintiff also seeks an order that his opposition to Defendants' motion for summary judgment be accepted for filing which is addressed by separate order.

*and State, Inc.*, 454 U.S. 464, 471 (1982). However, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the handling of inmates' mail at a given institution. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Thus, Plaintiff's motion must be denied for lack of jurisdiction over "prison officials" whom Plaintiff seeks to prohibit and/or compel to action regarding the handling of his legal mail.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. However, the seriousness of Plaintiff's accusations concerning obstruction of access to his legal mail cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks pertaining to the handling of his legal mail.

Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction against "Defendants" for "unethical conduct." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). While Plaintiff seeks injunctive relief from opposing parties in this action, he fails to state any facts as to what conduct, by which "Defendants," he believes are "unethical." Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct

the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted) (emphasis added).

As to his request that Defendants be prohibited from engaging in "unethical conduct," Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, a balance of equities in his favor, or that an injunction is in the public interest.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed February 26, 2016, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 18, 2016**                              **/s/ Sheila K. Oberto**
                                                                         UNITED STATES MAGISTRATE JUDGE

3