IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LACEDRIC W. JOHNSON, | ) | 1:14-cv-01601-LJO-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR SUBSTITUTION OF |
| vs. | ) | DEFENDANT (Doc. 49) |
| | ) | |
| J. BEJINEZ, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR
SUBSTITUTION OF DEFENDANT (Doc. 49)

Before the Court is Plaintiff Lacedric Johnson's Motion for Substitution of Defendant M. George. Plaintiff seeks to substitute Defendant J. Benavides for decedent Defendant M. George, arguing that Benavides was the supervisor responsible for the prison yard where the alleged assault occurred and he witnessed the assault. After careful consideration of the supporting and opposing memoranda, the Court DENIES Plaintiff's request. As discussed below, Defendant Benavides is not a proper substitute for Defendant George.

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." A motion for substitution may be made by any party or by the

decedent's successor or representative. Fed. Civ. P. R. 25(a)(1).

Under California law, "a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.40; see also Cal. Civ. Proc. Code § 377.41 ("On motion, the court shall allow a pending action or proceeding against the decedent that does not abate to be continued against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest."). The California Probate Code defines a "personal representative" as an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58. A "successor in interest" is defined as "the beneficiary of the decedent's estate." Cal. Civ. Proc. Code § 377.11.

Plaintiff seeks to substitute Defendant Benavides for decedent Defendant George, stating that Benavides was the supervisor responsible for the prison yard where the alleged assault took place and that Benavides witnessed the assault. However, Plaintiff provides no relevant information explaining how

Benavides is decedent George's personal representative or successor in interest. Given that California law allows substitution only by the decedent's personal representative or successor in interest and because Plaintiff fails to establish that Defendant Benavides meets these qualifications, the Court DENIES Plaintiff's request that Benavides substitute decedent George.[1]

## CONCLUSION

In light of the foregoing, the Court DENIES Plaintiff's Motion for Substitution of Defendant (Doc. 49).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 18, 2016



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Johnson v. Bejinez, et al., 1:14-cv-01601-LJO-BMK, ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION OF DEFENDANT (Doc. 49).

---

[1] The Court declines to construe the present motion as a motion to amend the complaint to assert the claim against Defendant George (for denial of adequate medical care) against Defendant Benavides. The claim against Defendant Benavides (for use of excessive force) and the claim against Defendant George arose from separate events – namely, an assault and subsequent medical care. The facts as alleged in the First Amended Complaint do not support a claim against Defendant Benavides for denial of adequate medical care. Therefore, absent clear language that Plaintiff seeks leave to amend the First Amended Complaint to assert the medical care claim against Defendant Benavides, the Court declines to construe the present motion as a motion to amend the complaint.