IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LACEDRIC W. JOHNSON, | ) | 1:14-cv-01601-LJO-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS TO GRANT |
| vs. | ) | DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT RE |
| J. BEJINEZ, ET AL., | ) | EXHAUSTION AND DENY AS |
| | ) | MOOT DEFENDANTS' MOTION |
| Defendant. | ) | TO STRIKE PLAINTIFF'S |
| _____ | ) | SURREPLY |

FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT RE EXHAUSTION AND DENY AS
MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY

Before the Court is Defendants'[1] Motion for Summary Judgment Re

Exhaustion (Doc. 30) and Motion to Strike Plaintiff Lacedric W. Johnson's Surreply

(Doc. 54).   After careful consideration of the Motions and the supporting and

opposing memoranda, the Court finds and recommends that summary judgment be

GRANTED in Defendants' favor and that Defendants' Motion to Strike Surreply be

DENIED as moot.   As discussed below, the Court finds that Plaintiff failed to fully

exhaust administrative remedies prior to filing this lawsuit.

---

[1] Defendants include the warden and chief deputy warden of Pleasant Valley State Prison, as well as other officers, correctional officers, and nurses at the prison.   Plaintiff also named the Secretary of the California Department of Correctional and Rehabilitation as a Defendant.

<u>BACKGROUND</u>

Plaintiff is incarcerated at Pleasant Valley State Prison, where the events underlying this lawsuit occurred.   On January 29, 2014, Plaintiff alleges that correctional officers were conducting random pat-down and unclothed searches of inmates.   (First Amended Complaint ¶¶ 2, 4.)   Plaintiff forgot his identification card and was ordered to remove his clothes in the shower.   (<u>Id.</u> ¶¶ 5-6.)   Plaintiff alleges that, unprovoked, Defendant Santos sprayed pepper spray in Plaintiff's face and beat Plaintiff with a baton.   (<u>Id.</u> ¶ 9-12.)

Defendant Espinoza notified other correctional officers of the commotion and approximately ten other officers entered the shower area.   (<u>Id.</u> ¶¶ 15-16.)   Various officers sprayed pepper spray in Plaintiff's face and punched him.   (<u>Id.</u> ¶¶ 19-23.)   Plaintiff says that none of the surrounding officers intervened to stop the beating.   (<u>Id.</u> ¶ 24.)

Medical staff was summoned, and Plaintiff was wheeled on a gurney across the yard, naked.   (<u>Id.</u> ¶¶ 28-31.)   According to Plaintiff, he was showing signs of respiratory distress and was in and out of consciousness.   (<u>Id.</u> ¶ 34.) Plaintiff underwent an MRI and was held in the hospital overnight.   (<u>Id.</u> ¶ 51.) While at the hospital, a correctional officer informed Plaintiff that he would be issued a Rules Violation Report ("RVR") for battery on a correctional officer.   (<u>Id.</u>

2

¶ 52.)

On February 12, 2014, Plaintiff was issued an RVR for battery on a peace officer resulting in the use of force.   (Id. at 60.)   On June 28, 2014, Plaintiff was found guilty of this charge and was assessed a nine-month term in the Security Housing Unit.   (Id. ¶ 76.)

Plaintiff filed four appeals regarding the events discussed above.[2]   In Appeal 14050513 ("Appeal 513"), Plaintiff alleged that various Defendant correctional officers sprayed him with pepper spray, beat him in the shower, and denied him medical treatment.   (Navarro Decl'n Ex. B at 1-2.)   This appeal was partially granted at the first and second levels of review.   (Navarro Decl'n ¶ 6.) Plaintiff thereafter appealed to the third level of review, which divided the appeal into two issues:   complaints against health care staff and complaints against institutional staff.   (Id.)   The complaints against health care staff were remanded back to the second level of review for reconsideration.   (Id.)   Plaintiff later appealed the amended order to the third level of review, which made a final decision partially granting the appeal on November 19, 2014.   (Id.; Robinson Decl'n ¶ 8.) The complaints against institutional staff were reassigned a separate appeal number (Appeal 15000613, discussed below).

---

[2]  As noted in the Declarations attached to Defendants' Concise Statement of Facts, Plaintiff also filed appeals during the relevant time-frame that were unrelated to the underlying events in this case.   The Court does not discuss those unrelated appeals as they are not relevant to this case.

Appeal 15000613 ("Appeal 613"), which was created by the third level of review of Appeal 513, was remanded to the second level of review, which denied Plaintiff's complaints against institutional staff.   (Navarro Decl'n ¶ 6.)   Plaintiff appealed to the third level of review, which made a final decision denying the appeal on April 8, 2015.   (Id.; Robinson Decl'n ¶ 8.)

In Appeal 14-00683 ("Appeal 683"), Plaintiff similarly alleged that correctional officers used excessive force and denied him medical treatment during the events of January 29, 2014.   (Morgan Decl'n Ex. C.)   After a complicated process, this appeal was denied at the third level of review on August 26, 2015. (Morgan Decl'n ¶ 10; Voong Decl'n ¶ 9.)

In Appeal 14-01520 ("Appeal 520"), Plaintiff challenged the ruling on the Rules Violation Report against him, wherein the hearing officer found him guilty of battery on a correctional officer resulting in the use of force.   (Morgan Decl'n ¶ 12 and Ex. E.)   In this appeal, Plaintiff argued that the hearing officer relied on false reports, did not base his finding on a preponderance of the evidence, and had a "predetermined guilty finding."   (Morgan Decl'n Ex. E at 1.)   This appeal bypassed the first level of review, and the second level of review determined Plaintiff was appropriately found guilty.   (Id.)   The third level of review denied the appeal on January 20, 2015.

On October 14, 2014, Plaintiff filed his Complaint in this civil rights action pursuant to 42 U.S.C. § 1983.   As detailed above, the third level of review made its final decision in each of the foregoing appeals <u>after</u> Plaintiff initiated this lawsuit.

<u>STANDARD OF REVIEW</u>

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.   <u>See</u> Fed. R. Civ. P. 56(c).   In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party.   <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>see</u> <u>also</u> <u>Cline v. Indus. Maint. Eng'g & Contracting Co.</u>, 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried.   <u>Anderson</u>, 477 U.S. at 249.   If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.   <u>See</u> <u>T.W. Elec. Serv., Inc.</u> <u>v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 631 (9th Cir. 1987).

DISCUSSION

Defendants move for summary judgment on the ground that Plaintiff did not exhaust his claims through all available administrative remedies.   The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory.   Porter v. Nussle, 534 U.S. 516, 524 (2002).

California provides its inmates the right to administratively appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."   15 Cal. Code Reg. § 3084.1(a).   In order to exhaust available administrative remedies within this system, "a prisoner must proceed through several levels of review:   (1) a first level appeal on a CDC 602 inmate appeal form to the Appeals Coordinator, (2) second level appeal to the 'hiring authority or designee at a level no lower than Chief Deputy Warden,' and (3) third level appeal to the Director of the California Department of Corrections and

6

Rehabilitation."   Cotton v. Cate, Civ. No. 13-3744 WHA-PR, 2015 WL 1246114, at *2 (N.D. Cal. March 17, 2015) (citing 15 Cal. Code Reg. § 3084.7).   To be clear, administrative remedies are deemed exhausted only after a decision at the third level of review is made.   15 Cal. Code Reg. § 3084.1(b) ("all appeals are subject to a third level of review . . . before administrative remedies are deemed exhausted").

In this case, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 on October 14, 2014.   Under the PLRA and California law, Plaintiff was required to exhaust administrative appeals relating to this lawsuit through the third level of review, prior to filing this lawsuit.   See 42 U.S.C. § 1997e(a); Cotton, 2015 WL 1246114, at *2; 15 Cal. Code Reg. § 3084.1(b).   However, decisions by the third level of review for each of the related appeals were made after Plaintiff filed this lawsuit:   the third level of review in Appeal 513 was decided on November 19, 2014; Appeal 613 was decided on April 8, 2015; Appeal 520 was decided on January 20, 2015; and Appeal 683 was decided on August 26, 2015.   Consequently, the Court finds that Plaintiff did not exhaust administrative remedies with respect to these appeals prior to bringing this action.

Plaintiff acknowledges that he did not exhaust administrative remedies, but he argues that he was forced to file the lawsuit prematurely due to "improper screening tactics."   (Opp. at 14-15.)   The improper screening of an administrative

appeal may excuse an inmate from the exhaustion requirement only if the inmate establishes, among other things, "that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010).   Although Plaintiff states in conclusory terms that his appeals were "improperly screened," he provides no evidence to show a genuine dispute of fact as to whether the screening was inconsistent with applicable regulations.   Safeway Inc. v. Abbott Labs., 761 F. Supp. 2d 874, 885 (N.D. Cal. Jan. 14, 2011) ("the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists").

Plaintiff also argues that he is excused from the exhaustion requirement because "no remedies appeared to be 'effectively available'" inasmuch as his appeals were thwarted by "excessive delay."   (Opp. at 14, 21.)   Administrative remedies may be deemed "effectively unavailable" where a delay in an inmate's appeal is the "result of a prison's action which thwarts a prisoner's attempt to properly exhaust administrative remedies."   Shepard v. Cohen, Civ. No. 09-01628, 2011 WL 284958, at *3 (E.D. Cal. Jan. 25, 2011).   However, Plaintiff provides no evidence creating an issue of fact whether prison officials thwarted his attempts at exhaustion by excessively delaying the appeals.   See Safeway Inc., 761 F. Supp. 2d

at 885.   Rather, the Court finds that the evidence in the record establishes any delay in Plaintiff's appeals was due to the detailed consideration by appeals staff and the complicated process the appeals were subjected to.   For example, at the third level of review, a portion of Appeal 513 was remanded back to the second level of review, which underwent reconsideration before being resubmitted to the third level. (Navarro Decl'n ¶ 6.)   The other portion of Appeal 513 was reassigned an entirely new appeal number and was rerouted as a complaint against institutional staff.   (Id.) Similarly, at the third level of review, Appeal 683 was remanded to the second level for further reconsideration of certain documents and issues.   (Morgan Decl'n ¶ 10.) Only after it was reheard by the second level of review, did Plaintiff resubmit the appeal to the third level, which then issued a decision.   (Id.)

In sum, the Court finds that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit and his failure to do so is not excused.   Accordingly, the Court recommends summary judgment be entered in Defendants' favor.   Townes v. Paule, 407 F. Supp. 2d 1210, 1219 (S.D. Cal. Dec. 13, 2005).   In light of that recommendation, the Court further recommends that Defendants' Motion to Strike Plaintiff Lacedric W. Johnson's Surreply (Doc. 54) be denied as moot.

CONCLUSION

The Court finds that Plaintiff failed to exhaust the claims in this case
and recommends that Defendants' Motion for Judgment Re Exhaustion (Doc. 30) be
GRANTED.   The Court also recommends that Defendants' Motion to Strike
Plaintiff's Surreply (Doc. 54) be DENIED as moot.

These Findings and Recommendations are submitted to the United
States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §
636(b)(1).   Within fourteen (14) days after being served with these Findings and
Recommendations, any party may file written objections with the Court.   Local
Rule 304(b).   The document shall be captioned "Objections to Magistrate Judge's
Findings and Recommendation."   Responses, if any, are due within fourteen (14)
days after being served with the objections.   Local Rule 304(d).   The parties are
advised that failure to file objections within the specified time may result in the
waiver of rights on appeal.   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.
2014).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 4, 2017.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Lacedric W. Johnson v. J. Bejinez, 1:14-cv-01601-LJO-BMK, FINDINGS AND
RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT RE EXHAUSTION AND DENY AS MOOT DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SURREPLY.