UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIAL MARTIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:17-cv-01011-MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED**<br><br>**(ECF Nos. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He initiated this action on July 31, 2017 with a petition stating that he was incarcerated at the Fresno County Jail pending release from Bureau of Prisons custody on August 2, 2017. He asks to be moved to a BOP prison where he can receive re-entry services unavailable to him at the jail.

**I.　Jurisdiction**

　　　　Writ of habeas corpus relief extends to a person in federal custody who can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner does not contend that housing him in

the Fresno County Jail is unlawful. He merely alleges that this location is not desirable. Thus, it does not appear that the Court has jurisdiction over the petition under § 2241.

**II.     Mootness**

Assuming that the Court does have jurisdiction under § 2241, the petition appears to be moot.

A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). This requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding. Id. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). A habeas petition is moot when the petitioner's claim for relief cannot be redressed by issuance of a writ of habeas corpus by the court. See id. Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098. (9th Cir. 2000). When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996).

Here, Petitioner states that his BOP release date is August 2, 2017, a date which already has passed.[1] More significantly, however, a review of the Bureau of Prisons inmate locator reflects that Petitioner has been transferred to the supervision of the Residential Reentry Management Field Offices in Sacramento. Thus, it appears that Petitioner may already be receiving the services he seeks in this petition.

**III.    Order**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should

---

[1] Elsewhere, however, Petitioner states that he has "47 days left" on his sentence. The petition is dated July 24, 2017, which would indicate a release date of September 9, 2017. The Bureau of Prisons inmate locator indicates that Petitioner has a release date of September 9, 2017.

not be dismissed for lack of jurisdiction and mootness. Petitioner is ORDERED to inform the Court, within thirty (30) days of the service of this order, whether this action still presents a live controversy and, if so, whether he has any basis to claim that his continued confinement at the Fresno County Jail is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: August 3, 2017         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE