# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRAUENHEIM, et al.,<br><br>　　　　　　Defendants. | **Case No. 1:14-cv-01601-LJO-SKO (PC)**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO ALTER OR AMEND JUDGMENT**<br><br>**(Doc. 67)** |

　　　Plaintiff, LaCedric Johnson, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action was closed on March 1, 2017 and judgment was entered in Defendants' favor based on a finding that Plaintiff did not exhaust available administrative remedies on his claims before he filed suit in violation of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Docs. 57, 63, 64.) After requesting and receiving an extension of time, Plaintiff filed a motion to alter or amend the judgment. (Doc. 67.) Defendants filed an opposition to which Plaintiff replied. (Docs. 69, 71.) The motion is deemed submitted. L.R. 230(*l*).

/ / /

/ / /

/ /

1

Rule 60(b)[1] of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

/ / /

---

[1] Plaintiff asserts that he brings this motion under Rule 59(e), but that Rule applies to requests to alter or amend judgment after trial -- i.e. seeking a new trial. Since judgment was entered in this case based on Defendants' motion for summary judgment, and not as a result of trial, Plaintiff's motion is properly considered under Rule 60.

2

In his motion, Plaintiff asserts that this Court abused its discretion by refusing to consider evidence he offered in opposition to Defendants' motion for summary judgment and that new evidence exists which precludes summary judgment. (Doc. 67, p. 1.) To this end, Plaintiff points to a January 15, 2015 letter from the Third Level of Review to the Second Level of Review on his Appeal PVSP 14-00683 which states that a number of "questions need to be addressed in a new inquiry to avert a lawsuit." (*See* Doc. 67, pp. 3, 4, 5, 14, 17-18.) Plaintiff asserts that this letter was not considered on the ruling and that it shows nefarious intent to delay which rendered the appeals process unavailable to Plaintiff. (*Id.*) However, the delay at various levels of Plaintiff's inmate appeals and evidence thereon was expressly addressed in the Magistrate Judge's Findings and Recommendations. (*See* Doc. 57, pp. 8-9.) The Magistrate Judge explicitly found that Plaintiff's evidence showed neither a genuine dispute of fact as to whether the screening was inconsistent with applicable regulations; nor created an issue of fact whether prison officials thwarted his attempts at exhaustion by excessively delaying Plaintiff's appeals. Conversely, the Magistrate Judge found that the evidence established that any delay in Plaintiff's appeals was due to the detailed consideration by appeals staff and the complicated process the appeals were subjected to and cited a precise scenario that duplicated the processes reflected in the letter Plaintiff now submits on appeal 683 -- albeit without the comment to "avert litigation." (*Id.*, p. 9.) Lack of precise reference to a page or two of evidence under these circumstances, does not imply it was not considered. There was no commission of clear error and the evidence Plaintiff bases the current motion on is not "newly discovered." *Marlyn Nutraceuticals, Inc.,* 571 F.3d at 880. As Defendants correctly point out, that letter was included in their motion for summary judgment as part of Exhibit C to the Declaration of M. Voong (Doc. 30-11, p. 75) and was directly addressed in their motion (Doc. 30-2, pp. 10-11). Plaintiff likewise specifically addressed the letter in both his opposition and objections to the findings and recommendations. (*See* Doc. 37, p. 6; Doc.61, pp. 2-3.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the March 1, 2017 order which dismissed this action as well as the findings and

3

recommendation that issued on January 4, 2017, which the March 1, 2017 order adopted, are supported by the record and proper analysis.

Accordingly, the motion Plaintiff filed on March 27, 2017 (Doc. 67), to alter or amend the judgment entered in this case, is **HEREBY DENIED**.

IT IS SO ORDERED.

Dated:  **August 4, 2017**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE